IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRIOT MANUFACTURING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 05-0321-WS-M |
| ) | |
| MICHAEL and KALIE DIXON, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court *sua sponte* based on its review of the Answer filed by defendants Michael and Kalie Dixon (the "Dixons") in this action.

On September 21, 2005, the Dixons filed an Answer that, in lieu of admitting or denying each of the numbered paragraphs of the Petition to Compel Arbitration (the "Petition"), simply states the following blanket denial: "Michael and Kalie Dixon deny all material allegations in the complaint or petition and demand strict proof thereof." (Answer (doc. 22), at 1.)

Such general denials of all allegations in a complaint are almost never appropriate under the Federal Rules of Civil Procedure. *See Matter of Crawford,* 2 B.R. 589, 592 (Bankr. Ill. 1980) ("A general denial is appropriate only where the pleader intends in good faith to controvert the preceding pleading."); *Gulf Oil Corp. v. Bill's Farm Center, Inc.*, 52 F.R.D. 114, 118-19 (W.D. Mo. 1970) (declaring that "[g]eneral denials or the equivalent are no longer permitted under the Federal Rules of Civil Procedure"). Indeed, one prominent commentator has opined that the use of general denials "has been sharply restricted" under the Federal Rules of Civil Procedure and that "an answer consisting of a general denial will be available to a party acting in good faith only in the most exceptional cases." Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1265; *see also* 2 *Moore's Federal Practice*, § 8.06[4] (3d ed.) ("Because of the very broad nature of a general denial, as well as the duty to respond in good faith after reasonable inquiry, general denials are rarely appropriate responses to

multi-faceted statements within claims for relief when numerous facts are alleged together.").

Under Rule 8(b), Fed.R.Civ.P., denials set forth in an answer "shall fairly meet the substance of the averments denied." *Id.* Moreover, a general denial such as that offered by the Dixons herein is appropriate only when "the pleader intends in good faith to controvert all the averments of the preceding pleading." *Id.* Any such general denial is expressly made "subject to the obligations set forth in Rule 11." *Id.*

Upon review of the Petition and the Answer, the Court finds it extremely unlikely that the instant case is one in which a general denial could be submitted in good faith and in a manner that comports with defendants' obligations under Rule 11. The Petition (doc. 2) includes 15 numbered paragraphs that describe in detail the identities and citizenship of the parties, the facts surrounding the mobile home transaction that gave rise to this action, the existence and language of the underlying arbitration agreement, the status of and issues pending in the parallel state court proceeding, and the legal theories on which relief is sought. Through their blanket denial, the Dixons deny, for example, that Patriot is an Indiana corporation (Petition, ¶ 1), that the Dixons themselves are adult citizens of Mobile County (*id.*, ¶ 2), that the Dixons purchased a mobile home from Patriot on January 13, 2004 (*id.*, ¶ 4), that the Dixons executed an arbitration agreement in connection with their purchase of said mobile home (*id.*, ¶ 8), that the Dixons filed a civil action against Patriot in Clarke County Circuit Court (*id.*, ¶ 9), and the like. The Court is skeptical, to say the least, that "after an inquiry reasonable under the circumstances" all such denials "are warranted on the evidence." Rule 11(b), Fed.R.Civ.P.

In light of the foregoing, the Court invites the Dixons to file an Amended Answer that fairly meets the substance of the averments of the Petition and is otherwise consistent with this Order. Such an Amended Answer should be filed on or before **September 27, 2005**. If an Amended Answer in conformity with Rules 8 and 11 is filed prior to that deadline, then the Dixons need take no further action in response to this Order.

However, if defendants opt not to file such an Amended Answer within that time frame, then they are **ordered** to **show cause**, on or before **September 27, 2005**, why their Answer, in its current form, does not violate Rules 8(b) and 11(b) of the Federal Rules of Civil Procedure. This Show Cause

Order is entered pursuant to Rule 11(c)(1)(B), Fed.R.Civ.P.  Responses to this Show Cause Order should include, without limitation, a description of the reasonable inquiry undertaken by defendants prior to filing their Answer and an explanation of how, following such reasonable investigation, they could in good faith controvert all of the allegations of the Petition, including without limitation the allegations of the citizenship of the parties, the mobile home transaction at issue, the existence of an arbitration agreement between Patriot and the Dixons, and the genesis and existence of the Clarke County lawsuit.

      DONE and ORDERED this 22nd day of September, 2005.

                                      s/ WILLIAM H. STEELE
                                      UNITED STATES DISTRICT JUDGE