IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PATRIOT MANUFACTURING, INC.,**     ) | |
| ) | |
|     Petitioner,     ) | |
| ) | |
| v.     ) | CIVIL ACTION 05-0321-WS-M |
| ) | |
| **MICHAEL DIXON,** *et al.*,     ) | |
| ) | |
|     Respondents.     ) | |

**ORDER**

      This matter comes before the Court on petitioner Patriot Manufacturing, Inc.'s Motion for Stay of Proceedings Pending Appeal (doc. 50).

      This case originated as a Petition to Compel Arbitration (doc. 2) filed by petitioner Patriot Manufacturing, Inc. against respondents Michael and Kalie Dixon back in June 2005 and relating to a mobile home transaction. On November 7, 2005, this Court entered an Order (doc. 31) granting Patriot's Petition, ordering the matter to proceed to arbitration, and closing the court file because all matters raised in the Petition had been fully decided, and no issues remained pending. *See Patriot Mfg., Inc. v. Dixon*, 399 F. Supp.2d 1298 (S.D. Ala. 2005).

      On February 16, 2007, Patriot filed a Motion for Leave to Amend and to Re-Open File (doc. 34) seeking a ruling by this Court (rather than the arbitrator) enjoining the Dixons from pursuing class-based arbitration claims in the pending arbitral proceedings that had been compelled by Patriot via this now-closed lawsuit. Patriot maintained that the proposed amendment should be permitted under Rule 15(a), Fed.R.Civ.P., governing amendments to pleadings. On March 15, 2007, the undersigned entered an Order (doc. 43) denying Patriot's Motion on the following grounds: (1) Patriot's reliance on Rule 15(a) was misplaced, inasmuch as the liberal standards found in that rule must yield to the policy favoring finality of judgments and the expeditious termination of litigation where, as here, a final, appealable order has been entered and the case has been closed long before leave to amend was requested; (2) Patriot had failed to make any showing that reopener was appropriate under Rule 59(e) or 60(b) of the

Federal Rules of Civil Procedure; and (3) even if Rule 15 did apply, the proposed amendment was, in any event, futile because the question of whether the agreements signed by the parties in this case forbid class arbitration is properly decided by the arbitrator, and not by the Court, pursuant to Supreme Court, Circuit and District Court authorities.

On April 12, 2007, Patriot filed a Notice of Appeal (doc. 45) from the March 15 Order. Nearly three months later, on July 6, 2007, Patriot filed a time-sensitive request styled as a Motion for Stay of Proceedings Pending Appeal (doc. 50), effectively requesting that this Court enjoin the arbitrator from ruling on the question of whether the contracts at issue permit class arbitration until such time as Patriot's appeal of the March 15 Order is concluded. Patriot's Motion for Stay reflects that the arbitrator intends to rule on the class arbitration question on or before July 25, 2007; therefore, and despite Patriot's failure to raise the stay issue previously, the undersigned ordered accelerated briefing on the Motion for Stay, which has now been completed.

The parties agree that a stay pending appeal is warranted only if Patriot shows the following: "(1) a likelihood that [it] will prevail on the merits of the appeal; (2) irreparable injury to [Patriot] unless the stay is granted; (3) no substantial harm to the other interested parties; and (4) no harm to the public interest." *In re Federal Grand Jury Proceedings (FGJ 91-9), Cohen*, 975 F.2d 1488, 1492 (11th Cir. 1992); *see also Garcia-Mir v. Meese*, 781 F.2d 1450 (11th Cir. 1986) (similar); *Wyatt ex rel. Rawlins v. Sawyer*, 190 F.R.D. 685, 689 (M.D. Ala. 1999) (similar).[1]  Patriot has established neither the first nor the second requirement.

As an initial matter, Patriot has not shown that it is likely to prevail on the merits on appeal. The November 7, 2005 Order decided all issues in this case, and concluded with the sentence: "Given that the compulsion of arbitration was the sole *raison d'etre* of this lawsuit, the Clerk's Office is directed to close this file."  (Doc. 31, at 22.)  This is not a case in which the

---

[1] Patriot has correctly cited binding appellate authority for the proposition that even if a petitioner cannot establish a likelihood of prevailing on the merits on appeal, a stay may be granted on a lesser showing of a "substantial case on the merits" where the "balance of the equities ... weighs heavily in favor of granting the stay." *Garcia-Mir*, 781 F.2d at 1453 (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)); *Wyatt*, 190 F.R.D. at 689 (lesser showing of "substantial case on the merits" suffices only if balance of remaining three factors weighs heavily in favor of a stay).

Court merely closed the file for statistical purposes, but otherwise stood by and left the door open for further rulings that might be necessary or requested by the parties during or after arbitral proceedings.  In that regard, this action is readily distinguishable from the case cited by Patriot, *Campbell v. Dominick & Dominick, Inc.*, 872 F.2d 358 (11th Cir. 1989), wherein the district court in compelling arbitration stated that it was merely "staying judicial proceedings" and "closing the case for statistical purposes." *Id.* at 360.  The November 7, 2005 Order in this case did not merely stay judicial proceedings or close the file statistically; rather, it reflected that the Court had decided everything that there was to decide in this action (which was, after all, initiated solely as a Petition to Compel Arbitration) and that the file was to be closed immediately, with no qualifiers or limitations, and without indicating that this action was merely being stayed in the interim.  For that reason, the Court does not find it likely that Patriot will succeed in convincing the appellate court that its Motion for Leave to Amend filed 15 months after this case was closed was subject to the liberal Rule 15 standards for amendment of the pleadings.

Even if Patriot were successful in demonstrating that Rule 15 applies, it is unlikely that Patriot can successfully argue that the proposed amendment of its Petition is not futile.  Indeed, Patriot seeks to amend the pleadings to add a request that this Court enjoin the Dixons from pursuing or prosecuting class-based arbitration claims in the underlying arbitration.  Patriot makes this request even though numerous cases are against it, including *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 452-53, 123 S.Ct. 2402 (2003); *Rollins, Inc. v. Garrett*, 2006 WL 1024166, *1 (11th Cir. Apr. 19, 2006) ("When a contract is silent as to whether it prohibits class arbitration, the arbitrator, rather than the court, must resolve the issue as a matter of state law."); and the other authorities cited in the March 15 Order from which appeal is taken.  Thus, even if Patriot could convince the Eleventh Circuit that its Motion for Leave to Amend was governed by Rule 15 because this action was in some metaphysical way still pending at that time, notwithstanding the November 7 Order, Patriot has not shown that it would likely succeed in persuading the appellate Court that its proposed amendment is not futile.  At best, Patriot has mustered a weak argument recharacterizing this clear question of contract interpretation (*e.g.*, do the agreements between the Dixons and Patriot permit or prohibit class arbitration?) as a "gateway" question of whether all other putative class members ever agreed to be bound by the

Dixon-Patriot agreements.  In the Court's view (and as reflected by the above-cited authorities), that approach misstates the issue, and Patriot has not shown it likely that the Eleventh Circuit will agree with its contorted framing of the question.[2]

Nor has Patriot made any showing that it would be irreparably harmed in the absence of a stay.  To be clear, if no stay were granted, the result is that the arbitrator would enter a ruling in due course on whether the Dixons can proceed with their request for class arbitration in the pending arbitration proceeding that Patriot compelled.  How would Patriot suffer irreparable harm in that event?  Patriot offers only its *ipse dixit*.  The arbitrator might rule in its favor and find that the Dixons cannot litigate class issues in the pending arbitral proceeding.  Even if he ruled against it, Patriot has offered no explanation whatsoever for why such a determination could not be undone if the Eleventh Circuit ultimately determines that Patriot's amendment should be allowed and that the arbitrator lacked authority to decide whether the Dixons may pursue class arbitration claims in the pending arbitration proceedings.  At best, Patriot has stated repeatedly and in conclusory terms that it would suffer irreparable harm, and has declined to explain itself further even after plaintiffs challenged it to do so in Paragraph 6 of their Response (doc. 52).  That is simply not sufficient.  *See generally Triangle Const. & Maintenance Corp. v. Our Virgin Islands Labor Union*, 425 F.3d 938, 947 (11th Cir. 2005) (agreeing that "the expense of participating in an arbitration proceeding would not constitute irreparable injury" for purposes of a request to enjoin that arbitration).

For all of the foregoing reasons, petitioner's Motion for Stay of Proceedings Pending

---

[2] Curiously, Patriot attempts to bolster its "likelihood of success" argument by asserting as follows: "Further, if this Court did not have jurisdiction over a closed file ..., then this Court did not have jurisdiction to rule on the merits of Patriot's petition (*i.e.*, the arbitrability of the class action claims)."  (Motion for Stay, at 4.)  This argument fundamentally misconstrues the March 15 Order.  The Court did not conclude that it lacked jurisdiction but that it would accept and rule on the merits of Patriot's proposed amendment anyway.  Far from it, the March 16 Order plainly articulated a two-pronged holding: (1) Patriot's Motion to Amend was governed by Rule 59 or 60, not Rule 15, and Patriot had made no showing that amending the judgment was proper under Rules 59 or 60; and (2) even if Rule 15 did apply, the proposed amendment is futile and therefore due to be denied in a Rule 15 analysis.  Any suggestion that this Court overstepped its jurisdiction to rule on the merits of the arbitrability question misstates the March 15 Order.

Appeal (doc. 50) is **denied**.

DONE and ORDERED this 18th day of July, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE